# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1916.

PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST,          } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 19,863.

ROSA A. NULL, *Appellant*, v. D. O. POTTS, *Appellee.*

### SYLLABUS BY THE COURT.

PLEADINGS—*Order to Make Petition Definite and Certain—Order Not Complied with—Action Dismissed.* The action was one against a so-called agent and trustee for money coming into his hands for which he had not accounted after demand therefor. The petition disclosed that the money came into the defendant's hands more than three years before the action was commenced. In response to a motion the court ordered the plaintiff to make the petition definite and certain by stating approximately the date of the demand, noncompliance with which gave rise to the cause of action. The plaintiff was unable to comply with the order. *Held*, the action was properly dismissed.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 6, 1916. Affirmed.

*J. C. Milton,* of Wichita, for the appellant.
*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover money alleged to have been appropriated by the plaintiff's agent and trustee. It was dismissed because the plaintiff failed to comply with an

1—98 KAN.

order to make the petition more definite and certain. The plaintiff appeals.

The substance of the petition, which made up in adjectives and characterizations what it lacked in other respects, was to the following effect: The defendant became agent and trustee for the plaintiff in December, 1907. In December, 1907, the defendant induced the plaintiff to trade real estate for stock in a corporation having an agreed value of $7200. Sometime afterwards the defendant induced the plaintiff to sell the stock by false representations regarding the financial condition of the corporation. The sale was made on October 2, 1908, and the stock was transferred to the purchasers by the defendant under a power of attorney given him for that purpose. The stock was sold for the sum of $7200, $500 of which the defendant received in his own right and the remainder of which he received as agent and trustee for the plaintiff. The defendant has never made settlement with the plaintiff, although often requested to do so. In a second cause of action it was alleged that the defendant, acting as agent and trustee, made a sale of another tract of the plaintiff's land. A draft for $1000, payable to the plaintiff, was received in payment of the price. The plaintiff gave the draft to the defendant for deposit in a bank of the plaintiff's choice. Instead of making the deposit he converted the draft, and has never returned the money to the plaintiff, although often requested to do so. With the plaintiff's money the defendant bought a home for himself. The prayer was that the property be decreed to be held in trust for the plaintiff, that it be conveyed to the plaintiff, and for judgment against the defendant for $8200, with interest from December 2, 1908.

The defendant moved for an order requiring the petition to be made more definite and certain, and the motion was sustained in part. In compliance with the order sustaining the motion, the petition was slightly amplified in several particulars. It was alleged that after the sale of corporate stock the defendant represented to the plaintiff that he had invested the proceeds in land, but it was alleged the defendant refused to inform the plaintiff where the land lay or to give title deeds, in response to demands made upon him. The plaintiff stated she was unable to give the dates of these requests often made for settlement with her for the proceeds of the sale of the corporate

Null v. Potts.

stock. It was alleged that a check for $1000, instead of a draft for that sum, was received in payment for the second tract of land sold, and that the defendant cashed the check on February 19, 1908, but the plaintiff stated she could not give the dates of her requests often made for settlement and return of the money. It was alleged that the title to the home which the defendant had purchased with the plaintiff's money was taken in the name of the defendant's wife. The prayer was for judgment that this property be held for the plaintiff's use, for judgment against the defendant for $8200, with interest from October 10, 1908, and for sale as upon execution of the property mentioned.

The order sustaining the motion to make more definite and certain required the plaintiff to state specifically or approximately the dates upon which demands for settlement had been made on the defendant. Because this had not been done a motion was made to strike the amended petition from the files. Before the motion was ruled on the plaintiff again amended her petition as follows:

"Now comes the said plaintiff, by J. C. Milton, her attorney, and for amendment to plaintiff's amended petition, says: After, and next following the last line of the first page of said amended petition, that she is unable to give more than a guess, as to the time of making demand for settlement on said defendant, for the reason she does not now remember said dates, neither the months or years of such demands; but, that said demand for settlement was last made during the month of December, 1910, as plaintiff verily believes. And for amendment to plaintiff's second cause of action, as set forth in her amended petition, she says that the check given her by I. C. Moore, for $1,000.00 payable to her order, was drawn at Pratt, Kansas, on February the 17th, 1908, and in the opinion, and to the best of her recollection, was given into the hands of the said defendant, either February 18th, 1908, or the 19th of the same month, as said check was presented for payment by said defendant on the said 19th of February, 1908, as shown on the back of said check. And as to the demands for settlement and payment of said check by said defendant, she being told by said defendant that he had invested the money in other securities for her, she, relying on false statements, gave the matter no further attention, and not until later, did plaintiff realize that she had been swindled, and to the best of plaintiff's memory, her last demand was in the month of December, 1911."

The motion to strike was renewed, and in response to it the court made the following order:

"That said plaintiff be allowed ten days from the 17th day of October, 1914, in which to amend by stating the specific date, or if she can not do

that, then by stating the approximate date when plaintiff first made demand on defendant for settlement, as alleged in her first cause of action, and on her failure to make said amendment, the first cause of action be dismissed without prejudice at plaintiff's cost . . . that the plaintiff further amend said amended petition, and the amendment thereto in ten days from the 17th day of October, 1914, by stating the specific date, or if she can not do that, then the approximate date when the defendant appropriated the Bank Draft, as alleged in the plaintiff's second cause of action and that she state the specific date, or if she can not do that, then the approximate date when the plaintiff first requested the defendant to return to her the Thousand dollars or any part thereof, as alleged in her second cause of action; and that on her failure so to do, within ten days from the 17th day of October, 1914, the plaintiff's second cause of action be dismissed without prejudice at the cost of the plaintiff."

The plaintiff was unable to state a cause of action with any more certainty, and after the expiration of the time fixed in the last order the action was dismissed.

The action was commenced on October 3, 1913, and the purpose of the motion was to develop the time when the plaintiff's cause of action accrued. The argument on behalf of the plaintiff is that all the information sought was within the defendant's own knowledge, and that the defense of the statute of limitations is one of privilege to the defendant which he could and should have raised by answer.

The defense of the statute of limitations is one of privilege in the sense only that it is personal and can not be pleaded by one person for another. The statute is one of repose, based on public policy, which frowns on the fomenting of litigation over transactions which are old and stale, after documents have been lost or destroyed, memories have become indistinct and witnesses may be dead or beyond reach. No terms of any express trust were pleaded. No agreement or duty to hold, use or manage the plaintiff's funds for any specific purpose or in any specific way was alleged. On the face of the petition the defendant was simply an agent to sell the plaintiff's stock and land, and account for the proceeds, and apparently causes of action for the money which came into the defendant's hands arose in December, 1907, and in February, 1908. Assuming, however, that the relation was such that the defendant was not in default until demand for settlement was made upon him, the date of the demand, noncompliance with which gave

rise to a cause of action, was important. The purpose of requiring the date to be stated was not so much to give information to the plaintiff as to give the suit a standing in court. If the petition should not disclose a cause of action maintainable under the statute, a demurrer would lie, and the court was evidently of the opinion that if the plaintiff could not exhibit a case, even on paper, based on transactions occurring in 1907 and early in 1908, there was no use to proceed.

The judgment of the district court is affirmed.